FILED
U.S. DISTRICT COURT
SIOUX CITY DIVISIONAL OFFICE
NORTHERN DISTRICT OF IOWA

APR 1 9 2004

By: _____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 02-43-MWB |
| | ) | |
| Plaintiff, | ) | ORDER RE FURTHER |
| | ) | PROCEEDINGS PURSUANT |
| vs. | ) | TO 18 U.S.C. § 4246 |
| | ) | |
| LUCAS JOHN HELDER, | ) | |
| | ) | |
| Defendant. | ) | |

On April 1, 2004, a competency hearing was held in this matter pursuant to Title 18 U.S.C. §§ 4241(c) and 4247(d). After reviewing the evidence offered by the parties, this Court found by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and that he is unable to assist properly in his defense. The defendant is hereby committed to the custody of the Attorney General pursuant to Title 18 U.S.C. § 4241(d). The Court also finds that there is not presently a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed.

The defendant shall be returned to the Federal Medical Center at Rochester, Minnesota, for compliance with the provisions of Title 18 U.S.C. § 4246. Pursuant to Title 18 U.S.C. §§ 4246(b) and 4241(d), the Court orders that Dr. Andrew Simcox and Dr. Daniel Shine of the Federal Medical Center, Rochester, Minnesota, conduct a

1

psychiatric or psychological examination of the defendant within 45 days to determine whether the defendant's release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that a psychiatric or psychological report be filed with the Court, pursuant to the provisions of Title 18 U.S.C. §§ 4247(b) & (c).

If, pursuant to Title 18 U.S.C. § 4246(a), the director of the Federal Medical Center certifies that the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the defendant are not available, the director shall transmit the certificate to the clerk of the Court for the district in which the defendant is confined. The clerk shall send a copy of the certificate to the defendant, and to the attorney for the Government, and to the clerk of this Court. If such certificate is issued, further proceedings pursuant to Title 18 U.S.C. § 4246 will occur.

Pursuant to Title 18 U.S.C. § 3161(h)(4), the time from the April 1, 2004 hearing, until such time that defendant is determined to be competent to stand trial shall be excluded in computing time under the provisions of the Speedy Trial Act as delay resulting from the fact that the defendant is mentally incompetent to stand trial.

MARK W. BENNETT
Chief United States District Judge
UNITED STATES DISTRICT COURT

2