IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. CR 02 – 43 MWB |
| LUCAS JOHN HELDER, | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR PSYCHOLOGICAL OR PSYCHIATRIC EXAMINATION AND FOR SUBSEQUENT HEARING TO DETERMINE THE MENTALCOMPETENCY OF THE DEFENDANT

Plaintiff, United States of America, submits this memorandum in support of its motion, pursuant to Title18, United States Code, §§ 4241 & 4247, for an order directing defendant be committed to the custody of the Attorney General for the purpose of conducting such psychological or psychiatric examinations as may be necessary to evaluate the mental competency of defendant to stand trial and for a subsequent hearing to determine whether defendant is mentally competent to the extent that he is able to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Title 18, United States Code, Section 4241 provides:

> **a) Motion to determine competency of defendant.**--At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental

1

competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**(b) Psychiatric or psychological examination and report**.- Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c).

Title 18, United States Code, Section 4247 provides in pertinent part:

**(b) Psychiatric or psychological examination**.--A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section 4245 or 4246, upon the request of the defendant an additional examiner may be selected by the defendant. For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, and under section 4242, 4243, or 4246, for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, 4244, or 4245, and not to exceed thirty days under section 4242, 4243, or
4246, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

**(c) Psychiatric or psychological reports.**--A psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include--

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and--

(A) if the examination is ordered under section 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

In support of this motion, the United States notes that on October 11, 2002, the United States moved for a psychological examination of defendant, pursuant to 18 U.S.C. § 4242, for purposes of addressing defendant's notice of intent to rely on an insanity defense. This court granted the motion on October 24, 2002.

On January 31, 2003, defendant filed a motion, pursuant to 18 U.S.C. § 4241, to determine whether defendant was competent to proceed to trial. This court granted the motion on February 12, 2003.

On May 19, 2003, and again on September 23, 2003, the court entered orders directing defendant to be hospitalized for an additional period of time. The court relied upon the conclusions contained in the sealed medical reports received from the Bureau of Prisons (BOP).

On April 1, 2004, following a hearing, this court found defendant was not competent to proceed to trial. Defendant was ordered to be returned to BOP custody for further hospitalization.

On September 2, 2004, a hearing was held in United States District Court in Minnesota to determine, pursuant to 18 U.S.C. § 4246, whether there were conditions under which defendant could be released into the community. On November 5, 2004,

3

the United States district court in Minnesota ruled that defendant should continue to be held "in the custody of the Attorney General for continued hospitalization and treatment until suitable state placement may be found, or until his release no longer constitutes a substantial risk of bodily injury of another person or serious damage to the property of another."

Federal BOP officials have recently advised that defendant is presently being considered for alternate placement outside of BOP due to improvement in defendant's condition. The medical staff has recommended that the United States Attorney seek a court order to authorize a competency evaluation at this time. The medical staff has indicated to government counsel that it believes defendant may now have been restored to competency. The medical staff has recommended that it would be appropriate to obtain authorization to conduct a competency evaluation now, rather than waiting for defendant to possibly be placed elsewhere and then need to be returned to BOP custody for an assessment. In the event defendant is determined to now be competent, defendant's long-term placement would likely be impacted.

Based upon the foregoing, the United States respectfully requests the court order defendant be committed to the custody of the Attorney General for the purpose of conducting such psychological or psychiatric examinations as may be necessary to evaluate the present mental competency of defendant to stand trial. Further, it is requested that following the examination of the defendant and the completion of a report of the examination, the report be filed with the with the court pursuant to the provisions of Title 18, United States Code, § 4247, and, if necessary, a hearing be scheduled at which the court will receive evidence for the purpose of determining

whether defendant is mentally competent to the extent that he is able to understand the

nature and consequences of the proceedings against him or to assist properly in his

defense.

Respectfully submitted,

CHARLES W. LARSON, SR.
United States Attorney

By, /s/ Richard L. Murphy

RICHARD L. MURPHY
Assistant United States Attorney
319-363-0091/319-363-1990 (Fax)
Rich.murphy@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on December 26, 2006.

UNITED STATES ATTORNEY

BY:  s/ M. Kloubec

COPIES TO: Jane Kelly

5